NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| WILLILAM JAMES DONLEY, | : | |
| | : | CIV. NO. 24-6286 (RMB-SAK) |
| Plaintiff | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| GLOUCESTER CITY POLICE DEPARTMENT, et al., | : | |
| | : | |
| Defendants | : | |

**RENÉE MARIE BUMB, Chief United States District Judge**

This matter comes before the Court upon *Pro Se* Plaintiff William James Donley's submission of a civil rights complaint (Dkt. No. 1) and application to proceed *in forma pauperis* ("IFP application") under 28 U.S.C. § 1915. Plaintiff, who is not presently confined, alleges he is a pretrial defendant in the New Jersey state courts. His IFP application establishes his financial eligibility to proceed without payment of the filing fee and will be granted. (Dkt. No. 1-1.) For the reasons discussed below, the Court will dismiss the complaint without prejudice.[1]

---

[1] The Court takes judicial notice that Plaintiff filed a similar complaint in *Donley v. New Jersey State Police et al.*, Civil Action No. 23-21818 (RMB-SAK) (D.N.J.) On January 10, 2024, this Court dismissed that complaint in part with prejudice, and in part without prejudice, and granted Plaintiff leave to file an amended complaint within 30 days. Plaintiff submitted several letters to the Court about his attempts to obtain evidence of his claims, Dkt. Nos. 12, 13, 14, but he ultimately did not file an amended complaint in that action. Instead, the Court received Plaintiff's complaint

I. *Sua Sponte* Dismissal

When a person is granted IFP status, courts must review the complaint and *sua sponte* dismiss any claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions." *Pierre v. Beebe Hosp./Med. Ctr.*, 38 F. Supp. 3d 475, 478 (D. Del. 2014) (citing *e.g.*, *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)). A complaint fails to state a claim under Rule 12(b)(6) when a plaintiff has not alleged sufficient "nonclusory" facts to establish a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679-80 (2009). Courts must accept well-pled allegations as true. *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 195 (2024). Courts must also liberally construe complaints filed by pro se litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

II. DISCUSSION

Plaintiff's complaint arises out of his arrest on or about February 1, 2023. Compl. at 3. Plaintiff alleges that he was arrested at his home for no reason, but also that he was arrested for "trying to turn officers in for harassment stalking." *Id.* Plaintiff alleges he was falsely imprisoned for one year and is still "on pretrial for

---

in this matter on May 20, 2024.

false allegations." *Id.* at 4. He further alleges the Public Defender's Office treats him unprofessionally and constantly calls him a liar. *Id.* at 3.

The defendants named in the complaint are all officers in the Gloucester City Police Department, "Major Crimes Camden County," and Camden County Public Defender's Office.

42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute … of any State … subjects … any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress….

For his claim against Camden County entities, municipalities are "persons" within the meaning of § 1983, *Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658, 690 (1978), but municipal departments are not separate entities from the municipalities themselves, and are not subject to suit under § 1983. *Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 181 (3d Cir. 2013) (citing N.J. Stat. Ann. § 40A: 14–118) (additional citation omitted).

Even if the Court construes Plaintiff's claim against "Major Crimes Camden County" to be a claim against Camden County, municipalities cannot be "held responsible for the acts of its employees under a theory of respondent superior or vicarious liability." *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 583

(3d Cir. 2003). Plaintiff has not alleged how Camden County, through its Major Crimes Unit, violated his constitutional rights through a policy or custom.

Plaintiff also fails to state a claim against the Camden County Public Defender's Office because its employees treat him unprofessionally and accuse him of lying. "Plaintiffs who seek to impose liability on local governments under § 1983 must prove that action pursuant to official municipal policy caused their injury." *Connick v. Thompson*, 563 U.S. 51, 60–61 (2011) (cleaned up). Municipalities, under § 1983, are responsible for "decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.* at 61. Plaintiff has not alleged facts to establish a § 1983 claim, which this Court construes to be a Sixth Amendment ineffective assistance of counsel claim, against Camden County.

Plaintiff brings his false arrest claims against all officers in the Gloucester City Police Department. "[A] defendant's § 1983 liability must be predicated on his direct and personal involvement in the alleged violation[.]" *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 289 (3d Cir. 2018). Plaintiff has not alleged how all officers in the Gloucester City Police Department were personally involved in his alleged false arrest, and this claim will be dismissed without prejudice.

Plaintiff specifically alleges Michael Manning arrested him for no reason. Although Manning is not a named defendant, the Court liberally construes the claim against "all officers in the Gloucester City Police Department" to include Manning.

4

To state a claim for false arrest in violation of the Fourth Amendment, a plaintiff must allege that he was arrested without probable cause. *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012). For courts "to determine whether an arrest was supported by probable cause, we 'look[ ] to the totality of the circumstances' and do 'not require that officers correctly resolve conflicting evidence or that their determinations of credibility were, in retrospect, accurate.'" *Olson v. Ako*, 724 F. App'x 160, 167 (3d Cir. 2018) (*Wright v. City of Philadelphia*, 409 F.3d 595, 603 (3d Cir. 2005)). The complaint is too vague for this Court to determine the totality of the circumstances surrounding Plaintiff's arrest. Therefore, the Court will dismiss without prejudice Plaintiff's § 1983 claims against Officer Michael Manning.

### III.   CONCLUSION

For the reasons stated above, the Court will dismiss the Complaint without prejudice. Plaintiff is granted leave to file an amended complaint

An appropriate Order follows.

**DATE:   March 21, 2025**

                                                s/Renée Marie Bumb
                                                Renée Marie Bumb
                                                Chief United States District Judge